UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VERN LEEROY MOORE,<br><br>Defendant. | Case No. 1:19-cr-00403-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Vern Moore's Motion for Adjustment of Sentence based upon 18 U.S.C. § 3582(c)(2). Dkt. 68.[1] The Government has filed an opposition to the Motion. Dkt. 69. Moore's attorney filed a Reply to the Government's opposition. Dkt. 70. So did Moore. Dkt. 71. The matter is ripe for the Court's consideration. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ.

---

[1] This is Moore's second motion to modify his sentence. The Court denied his first motion on March 11, 2012. Dkt. 60. That first motion did not involve the 2013 Amendments to the Sentencing Guidelines. Instead, it was brought under § 3582(c)(1) seeking compassionate relief based upon the risk of being exposed to COVID and his several medical conditions, including hypertension, type 2 diabetes, chronic obstructive pulmonary disease, hyperlipidemia, and heart conditions.

MEMORANDUM DECISION AND ORDER - 1

R. 7.1(d)(1)(B).[2] For the reasons set forth below, the Court finds good cause to DENY Moore's Motion.

## II. BACKGROUND

Moore was indicted on December 10, 2019, on a two-count indictment. Count One charged Moore with Attempted Coercion and Enticement in violation of 18 U.S.C. § 2422(b) and Count Two charged him with Attempted Use of Interstate Facilities to Transmit Information about a Minor in violation of 18 U.S.C. § 2425. Count One carried a ten-year mandatory minimum sentence. Count Two did not.

Pursuant to a Plea Agreement with the Government, Moore pled guilty to Count Two and the Government dismissed Count One. Dkt. 25. Under the Plea Agreement's terms, the parties also agreed to jointly recommend a sentence of five years (60 months) imprisonment to be followed by five years of supervised release. Dkt. 25, p. 2, ¶ I.A. The joint recommendation exceeded the Sentencing Guideline Range on Count Two, which was 48 months to 57 months. Dkt. 41. On April 9, 2021, the Court sentenced Moore, consistent with the parties' recommendation, to five years imprisonment to be followed by five years of supervised release. Dkt. 50 and 51.

## III. LEGAL STANDARD

Moore moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). His argument is that he is statutorily eligible for a reduction of sentence under the 2023

---

[2] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

amendments.[3] The government's primary argument against a reduction of sentence is that it would violate the spirit of the Plea Agreement. That is, Moore successfully got the government to dismiss the Count involving a ten-year mandatory minimum by agreeing to a sentence above the guideline sentencing range on the remaining count. This argument implies that the Court should not grant the reduction in sentence because the guideline sentencing range was not used to determine the imposed sentence. To put it another way, a change in the guideline sentencing range should not impact this sentence because the parties contractually agreed to a sentence above the then-existing guideline sentencing range. The government's secondary argument is that the factors the Court must consider do not support a sentence reduction in this case.

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010); 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(2), courts have the authority to reduce the term of imprisonment, after considering the § 3553(a) factors, if a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Section 3582(c)(2) does not require exhaustion of administrative remedies.

### IV. ANALYSIS

Moore claims that he qualifies for a reduction of sentence under two recent amendments to the Sentencing Guidelines. Dkt. 68. Specifically, he claims that the

---

[3] Section 4C1.1(a) states that a defendant is eligible for a reduction if he meets certain specific criteria, including that the instant offense is not a sex offense. Section 4C1.1(b)(2) excludes the crime of transmitting information about a minor from a "sex offense". Moore argues his conviction is not for a sex offense and the Government does not dispute that argument, but does argue that he committed sex conduct. For purposes of this decision, the Court assumes, without deciding, that Moore was not convicted of a sex offense.

MEMORANDUM DECISION AND ORDER - 3

November 1, 2023 amendment that applies to "status points" applies retroactively to him because he committed his offense while under "any criminal justice sentence". Next, he claims that the November 1, 2023, amendment that applies a two-level reduction to the offense level of certain offenders with zero criminal history points also applies retroactively to him because he had zero criminal history points.

The "status points" amendment does not apply to this case. A quick review of the Presentence Investigation Report shows that Moore did not commit this offense while under a criminal justice sentence and did not receive an enhancement for committing this offense under those circumstances. Dkt. 40. The only enhancement he received in the Presentence Investigation Report was for the use of a computer. That enhancement is not applicable to the 2023 Amendments. Neither party discusses this "status point" amendment in their memorandums, so Moore is deemed to have waived it. To the extent he has not waived it, his motion is denied as to this amendment because it does not apply to him.

Moore is technically eligible for the "zero criminal history" amendment. The parties agree that Moore is eligible for a reduction in his sentence based upon the "zero criminal history" amendment. Additionally, this District has adopted General Order 435, which sets forth a procedural process for the review of defendants potentially eligible for sentence reductions under the 2023 sentencing guideline amendments. Under that process, a motion is initially reviewed by a review committee, and that committee makes a recommendation to the Court for consideration in determining whether to grant the sentence reduction. Here, the committee agreed that Moore is statutorily eligible for a reduction of sentence. However, the government objects to a reduction of sentence in this case. The Court must

exercise its discretion to determine whether the amendment will apply, and whether a reduction of sentence will result.

### 1. Defendant's Argument

Defendant asks the Court to look at his sentencing guideline range at the time he was sentenced, compare that to his sentencing guideline range after the 2023 Amendments, and then impose a new sentence that is consistent with the post-2023 Amendment guideline range. At the time of sentencing, Moore's guideline range was 46-57 months. After the amendments it is 37-46 months. The Court sentenced Moore to 60 months, which is 3 months above the top-end of the then-applicable guidelines. Moore wants his sentence reduced to the current top-end of 46 months.[4] The government makes two arguments against a reduction.

### 2. Breach of the Plea Agreement

The government's first argument against Moore's motion is that a reduction in the sentence would be a breach of the Plea Agreement, at least in spirit. In *United States v. Farias-Contreras*, 2024 WL 2809369 (9th Cir. 2024), an *en banc* decision, the Ninth Circuit said:

> Plea agreements are an essential component of the criminal justice system. It is important – for the government, the defendant, and the functioning of the system—that they be enforced.

The *Farias-Contreras* Court went on to state:

> Plea agreements are essentially contracts between the government and a defendant. *United States v. Myers*, 32 F.3d 411, 413 (9th Cir. 1994) (per curiam). As such, they

---

[4] If the sentence were to be reduced, the Court would reduce it to three months above the new top-end of the amended guidelines, which would be 49 months. However, as explained, the sentence was not based upon the guideline range.

MEMORANDUM DECISION AND ORDER - 5

are governed by principles of contract. *See id.* "In construing an agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty." *United States v. De la Fuente,* 8 F.3d 1333, 1337 (9th Cir. 1993).

Here, the plea agreement is clear and unambiguous. It states that the government will dismiss Count One of the Indictment and the parties will jointly recommend a sentence of 60 months imprisonment. It further states that Count Two is punishable by a statutory maximum term of imprisonment of five years. Thus, the parties agreed to a sentence at the maximum term allowed by law for Count Two without regard to the sentencing guideline range. The parties also agreed that Moore would register as a sex offender. Finally, the parties stated in the plea agreement that "The parties stipulate to a joint sentencing recommendation of 60 months, and thus the Defendant agrees not to seek a departure or variance from that stipulated recommendation."

Once the Presentence Investigation Report and the Sentencing Recommendation were filed with the Court, Moore knew that the Sentencing Guidelines recommended a sentence lower than the Plea Agreement. Nevertheless, both parties, at sentencing, recommended a sentence, in excess of the guideline recommendation, of 60 months.

The stipulation of 60 months was not based upon the guideline range but upon the maximum sentence that could be imposed by law on Count Two. The Government agreed to dismiss Count One, which would have required a mandatory sentence of 120 months. Thus, the guideline range was not a factor in the parties' stipulation and the Court will not

allow it to become one now.[5]

### 3. Extraordinary and Compelling Reasons

Where there have been retroactive amendments to the U.S. Sentencing Guidelines that are applicable to the defendant and have the effect of lowering the defendant's applicable guideline, the Court may reduce the defendant's sentence. 18 U.S.C. § 3582(c)(2); *United States v. Rodriguez*, 921 F.3d 1149, 1153 (9th Cir. 2019). Section 3582(c)(2) sets forth a two-step inquiry for determining whether a defendant is entitled to a sentence reduction. At the first step, the court decides eligibility by determining whether a reduction is consistent with U.S. Sentencing Guidelines Manual § 1B1.10, the policy statement that implements § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 826 (2010). Section 1B1.10 permits a reduction if, but only if, the amendment has the "effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court determines whether the retroactive amendment lowered the defendant's Guidelines range by calculating the "amended [G]uideline[s] range that would have been applicable to the defendant if the [relevant amendment] to the [G]uidelines ... had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). Only "the relevant amendment for the 'corresponding guideline provisions ... applied when the defendant was sentenced'" may be considered in the first step of the analysis, and the court "must 'leave all other guideline application decisions unaffected.' " *United States v. Mercado-Moreno*, 869 F.3d 942,

---

[5] The Court is not saying that the Guidelines were not considered by the Court at sentencing, only that the parties agreed to a sentence in excess of the Guidelines, knowing that their recommended sentence exceeded the guideline recommendation. Defendant got exactly what he bargained for and there are no applicable guidelines.

MEMORANDUM DECISION AND ORDER - 7

949(9th Cir. 2017).

Under this first step in the analysis, Moore's sentencing guideline range at the time of sentencing was 46 to 57 months. The 2023 Amendments would make Moore's sentencing guideline range 37 to 46 months. Thus, he is statutorily eligible for a reduced sentence.

Under the second step, the court is to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized under step one is warranted in whole or in part under the particular circumstances of the case. *Dillon,* at 827. The government argues that the § 3553(a) factors do not support a reduction of sentence in this case. Specifically, the government argues that the seriousness of the offense, the need to afford adequate deterrence, and the need to provide just punishment for the offense all weigh against reducing the sentence below 60 months. The defendant argues that he is a non-violent offender with family support, served in the United States Air Force, has almost completed his sentence of imprisonment, and has restrictive conditions of supervised release. Defendant argues these factors all weigh in favor of the requested reduction.

Most of the factors argued by both parties were known to the court at sentencing. The Court deemed that those factors warranted an above guideline 60-month sentence. The fact that Moore has almost completed his sentence of imprisonment is a non-factor that neither favors nor disfavors a sentence reduction. Particularly since there is nothing in the record to indicate how Moore has performed while incarcerated. The same is true of the fact that Moore will be subject to restrictive conditions of supervised released. That is a non-factor that neither favors nor disfavors a sentence reduction. Moore will be subject to

MEMORANDUM DECISION AND ORDER - 8

the same supervised release conditions as almost every other defendant who commits this type of crime.

The Court agrees with the parties that Moore is eligible for a sentence reduction. Eligibility alone is not the only criteria here. The guidelines state that the judge **may** reduce the sentence of an eligible defendant after consideration of the appropriate factors. That makes it clear that not all eligible defendants will receive a sentence reduction. Here, it is the Court's discretion that the appropriate factors do not support a sentence reduction for Moore. The motion is denied.

## V. ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1. Moore's Motion for Sentence Reduction (Dkt. 68) is **DENIED**.

DATED: June 6, 2024

David C. Nye
Chief U.S. District Court Judge